# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASEL AHMED, | Civil No. 3:16-cv-2082 |
| Petitioner | (Judge Mariani) |
| v. | |
| CRAIG A. LOWE, et al., | FILED SCRANTON |
| Respondents | MAY 31 2017 |
| | PER_____ DEPUTY CLERK |

## MEMORANDUM

Petitioner, Rasel Ahmed, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ahmed challenges his continued detention by ICE pending removal. (Doc. 1). Ahmed seeks release pursuant to an order of supervision or an individualized bond hearing. (*Id.* at p. 16). Respondents contend that Ahmed is an "arriving alien" who is lawfully detained under 8 U.S.C. § 1225(b) and is not entitled to release or a bond hearing. (Doc. 7). For the reasons set forth below, the Court will grant a writ of habeas corpus directing the Immigration Judge to conduct a bond hearing to determine if Ahmed is a flight risk or danger to the community.

I. **Background**

Ahmed is a native and citizen of Bangladesh. (Doc. 7-1, pp. 3-5, Record of Deportable/Inadmissible Alien). On March 1, 2015, Ahmed applied for admission to the

United States at the Hidalgo, Texas Port of Entry, and was apprehended by the United States Customs and Border Control. (*Id.*). He indicated that he sought admission to the United States, but had no valid entry documents. (*Id.*). Ahmed requested political asylum into the United States because he feared for his life in Bangladesh. (*Id.*). On March 2, 2015, Ahmed was taken into ICE custody and his case was forwarded to an asylum officer for adjudication. (Doc. 7-1, pp. 30, 32). The asylum officer found that Ahmed had a credible fear of persecution or torture. (*Id.*).

On April 21, 2015, Ahmed was served with a Notice to Appear informing him that he was an "arriving alien." (Doc. 7-1, p. 6, Notice to Appear). He was charged as being subject to removal from the United States under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act as an alien with no valid entry documents. (*Id.*).

On February 19, 2016, the Immigration Judge ordered Ahmed removed from the United States, but granted his application for deferral of removal under the Convention Against Torture. (Doc. 7-1, pp. 7-26, Order of Removal). The Immigration Judge found that Ahmed was barred from asylum and withholding of removal, because he was a member of, and provided material support to, an undesignated terrorist organization, the Bangladesh National Party. (*Id.*). The Immigration Judge explained that a grant of deferral still allows the United States to remove Ahmed to "Bangladesh or to a third country, provided the United States Government obtain assurances from the country of removal that he would not

be subjected to torture in that country." (*Id.* at p. 9).

Both parties appealed the Immigration Judge's decision. (Doc. 7-1, p. 27). On April 7, 2016, the Assistant Field Office Director recommended continued detention pending the outcome of the appeal because Ahmed is affiliated with and supported a terrorist group, removal would be expeditious after the appeal was decided, and Ahmed would likely abscond if released. (Doc. 7-1, pp. 30-31, Memorandum of Assistant Field Office Director). On April 20, 2016, a Decision to Continue Detention was issued and Ahmed was ordered to remain in ICE custody pending the outcome of the appeal before the BIA. (Doc. 7-1, pp. 32-33, Decision to Continue Detention).

On October 28, 2016, the BIA remanded the case to the Immigration Judge, stating that "the Immigration Judge did not first conclude whether the respondent would be entitled to asylum or withholding of removal but for the terrorist bar in section 208(b)(2)(A)(v) of the Act." (Doc. 7-1, p. 36, Decision of the BIA). Therefore, the BIA ordered that the Immigration Judge first address Ahmed's eligibility for relief, absent the terrorism bar. (*Id.*). Based on this information, it appears that Ahmed remains in removal proceedings and is not yet subject to a final order of removal.

On October 17, 2016, Ahmed filed the instant petition. (Doc. 1).

## II. Discussion

### A. The Statutory Basis for Petitioner's Detention

Before the Court can determine whether Ahmed is entitled to relief, the Court must determine whether Ahmed's detention arises out of 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b)(2)(A). The parties disagree as to the statutory basis for Ahmed's detention. Ahmed contends that he is detained under 8 U.S.C. § 1226 and is entitled to release or a bond hearing. (Doc. 1). Respondents counter that Ahmed is detained pursuant to 8 U.S.C. § 1225 and is not entitled to release or a bond hearing. (Doc. 7, pp. 4-11).

Section 1226(c) would apply to Ahmed's detention if, prior to being taken into custody, he was admitted into the United States and was thereafter being removed because of his criminal convictions. *See, e.g., Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 269-70 (3d Cir. 2012). This undoubtedly is not the circumstance of this case, as Ahmed was never admitted into the United States.

8 U.S.C. § 1225(b) applies to "arriving aliens" such as Ahmed. Under § 1225(b), arriving aliens are inspected immediately upon arrival in the United States by an officer of the United States Customs and Border Control. If the immigration officer determines that the alien is inadmissible because the alien cannot produce valid entry documents, *see* 8 U.S.C. § 1182(a)(7), "the officer shall order the alien removed from the United States without further hearing or review." 8 C.F.R. § 1235.3(b)(1)(I), (b)(2)(ii) (providing that

arriving aliens subject to expedited removal are not entitled to a hearing or appeal of this decision). However, if the alien "indicates an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(A)(ii); see 8 C.F.R. § 235.3(b)(4) ("If an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer . . . .").

If the asylum officer determines that the alien has a credible fear of persecution, the alien "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). If the alien receives a positive credible fear determination, the alien will be placed in removal proceedings. 8 C.F.R. § 235.6(a)(1)(ii). During these proceedings, the alien remains detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The only statute permitting an alien's release from § 1225(b) custody is 8 U.S.C. § 1182(d)(5)(A), pursuant to which an alien may be paroled into the United States if the Attorney General determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" warrant the alien's release. 8 U.S.C. § 1182(d)(5)(A). Parole decisions under § 1182 are discretionary and the regulations prevent an immigration judge from "redetermin[ing] conditions of custody" with respect to certain classes of aliens, including "[a]rriving aliens in

5

removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." 8 C.F.R. § 1003.19(h)(2)(i)(B).

Ahmed presented himself for admission at the United States border at the Hidalgo, Texas Port of Entry, was immediately detained, and was therefore classified as an "arriving alien." See 8 C.F.R. § 1001.1(q) ("The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry . . . "). Thus, the Court finds that Ahmed's detention is controlled by § 1225(b)(2)(A), and not § 1226(c).

### B. Petitioner's Due Process Claim

Ahmed asserts that he has been subjected to prolonged detention, his detention has exceeded a reasonable period, violates due process and, as a result, he is entitled to release or a bond hearing. Ahmed has now been detained by ICE for approximately twenty-seven (27) months. The Government argues that the statutory text of § 1225(b) requires detention without a bond hearing, and that arriving aliens, such as Ahmed, who have never been admitted to the United States, do not have the same constitutional protections as individuals who have entered the United States, and can be subject to prolonged detention. (Doc. 7, pp. 7-10). The Government further contends that the cases Ahmed cites in his petition are inapplicable because Ahmed's detention as an arriving alien is controlled by a different detention statute, namely 8 U.S.C. § 1225, than the statute in the cited cases. (Id. at pp. 5-6).

The Court must first address whether the pre-removal detention of Ahmed under § 1225(b) is subject to due process limitations and, if so, whether he is entitled to release or an individualized bond hearing by an Immigration Judge once the length of his detention has become presumptively unreasonable.

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."

Id. at 699. To establish uniformity in the federal courts, a period of six (6) months was recognized as a "presumptively reasonable period of detention." Id. at 701.

This Court has recently recognized,

> Taken together, 8 U.S.C. § 1231(a)(1)(A) and Zadvydas created a statutory and constitutional framework for protecting the rights of aliens who are detained pursuant to administratively final removal orders. Under this framework, such aliens shall be detained for the first 90 days of the removal period and further detention beyond this 90-day period will be presumed reasonable up to a period of 6 months, at which time aliens subject to final removal orders should either be removed, or be given bail consideration.

Ahad v. Lowe, —— F. Supp. 3d ——, 2017 WL 66829 (M.D. Pa. Jan. 6, 2017), appeal filed, No. 17-1492 (3d Cir. March 3, 2017); Singh v. Lowe, 2017 WL 1157899, at *4 (M.D. Pa. March 7, 2017), adopted by 2017 WL 1134413 (M.D. Pa. March 27, 2017). The Supreme Court subsequently extended its holding in Zadvydas to also cover inadmissible aliens. See Clark v. Martinez, 543 U.S. 371, 378, 386 (2005). "Thus, when construing the post-final removal order detention statute, 8 U.S.C. § 1231, we are now enjoined to afford the same fundamental due process protections to all aliens, regardless of whether they were admitted to the United States or denied admission." Ahad, —— F. Supp. 3d at ——, 2017 WL 66829; Singh, 2017 WL 1157899, at *4.

In Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), the Supreme Court extended these constitutional protections to aliens being held in pre-removal confinement. The Court in Demore found that mandatory detention prior to the entry of a

8

final order of removal under § 1226(c) does not, in itself, violate the protections guaranteed under the Constitution. *See id.* The Court noted that aliens, including those in pre-removal confinement, are nonetheless protected by constitutional due process. *See id.* at 523 ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (citation omitted). The *Demore* Court further noted that most removal proceedings lasted approximately a month and a half, and seldom exceeded five months. *See id.* at 530.

The Courts have cautioned that the constitutionality of detention is also, at least to some extent, a function of the length of detention. *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011). Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore* emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.*

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the

Third Circuit has further examined excessive detention claims under § 1226(c) in a pre-removal context. The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by Demore, and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

Chavez-Alvarez, 783 F.3d at 478.

As stated *supra*, Ahmed's detention is not governed by 8 U.S.C. § 1226(c), rather he is being held pursuant to 8 U.S.C. § 1225(b). Neither the Supreme Court nor the Third Circuit has yet extended the above case law to the mandatory pre-removal detention of arriving aliens pursuant to 8 U.S.C. § 1225(b).[1] However, in addressing this very issue, this Court has held that "aliens detained pursuant to § 1225(b) enjoy the same due process right afforded to many other classes of detained aliens: the right to an individualized bond determination once the length of their pre-removal detention has become unreasonable." Ahad, —— F. Supp. 3d at ——, 2017 WL 66829; Singh, 2017 WL 1157899, at *8; *see also* Bautista v. Sabol, 862 F. Supp. 2d 375, 380-81 (M.D. Pa. 2012) (applying Diop to

---

[1] Currently, there are cases pending before the United States Supreme Court and the Third Circuit Court of Appeals involving this issue. *See Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016) (granting certiorari); *Ahad v. Warden Pike County Corr. Facility, et al.*, No. 17-1492 (3d Cir. filed March 9, 2017).

pre-removal detention of an alien under § 1225(b) for 26 months); *Rodriguez v. Robbins*, 804 F.3d 1060, 1081-84 (9th Cir. 2015), *cert. granted sub nom. Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1078 (9th Cir. 2006); *Gregorio-Chacon v. Lynch*, Civil Action No. 16-2768, 2016 WL 6208264, at *4 (D.N.J. Oct. 24, 2016); *Damus v. Tsoukaris*, Civil Action No. 16-933, 2016 WL 4203816, at *3-*4 (D.N.J. Aug. 8, 2016); *Maldonado v. Macias*, 150 F. Supp. 3d 788, 805-08 (W.D. Tex. 2015).

In light of these cases, the Court finds that Ahmed, an "arriving alien" detained pre-removal pursuant to § 1225(b), has a due process right to an individualized bond hearing, once it is determined that his detention has become unreasonable. It is clear that Ahmed's prolonged mandatory detention exceeds the one-year period at which point detention is presumed excessive. *See Chavez-Alvarez*, 783 F.3d at 478. Ahmed was taken into ICE custody on March 2, 2015, and thus has now been detained for nearly twenty-seven (27) months. The Court finds that Ahmed's twenty-seven (27) month detention has become presumptively unreasonable. *See Ahad*, —— F. Supp. 3d at ——, 2017 WL 66829 (finding that detention of 20 months was presumptively unreasonable warranting individualized bail hearing by an Immigration Judge); *Singh*, 2017 WL 1157899, at *8 (finding that detention of 16 months was presumptively unreasonable warranting an individualized hearing by an Immigration Judge). Thus, although this Court declines to grant the outright release of Ahmed in advance of a bond hearing, Ahmed's detention does

require a bond hearing.

A separate Order shall issue.

Date: May 31, 2017

Robert D. Mariani
United States District Judge